# EXHIBIT 1

**JOHN C. UYAMADU - Attorney No. 017142004**
**JOHN C. UYAMADU LLC**
**2 Ridgedale Avenue, Suite 355**
**Cedar Knolls, NJ 07927**
**Tel: (855) 722-5110  Fax: (800) 630-3816**
**Email: johnu@jculawoffice.com**
**Our File No.: 18-JCU-0157**
 **Attorney(s) for Plaintiff and the Proposed Class**

| | |
|---|---|
| ANNABELL MATTHEWS, ON BEHALF OF HERSELF AND THOSE SIMILARLY SITUATED <br><br> Plaintiff(s), <br><br> vs. <br><br> BANK OF AMERICA CORPORATION AND BANK OF AMERICA, NATIONAL ASSOCIATION, and ABC CORP. 1-3 (fictitious entities). <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – HUDSON COUNTY <br><br> DOCKET NO. HUD-L- <br><br> CIVIL ACTION <br><br> **CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES WITH DEMAND FOR JURY TRIAL** |

PLAINTIFF ANNABELL MATTHEWS residing in Jersey City, New Jersey brings this putative class action for declaratory judgment and injunctive relief pursuant to the Declaratory Judgment Act, N.J.S.A. 2A:16-50 to 62, Consumer Fraud Act, N.J.S.A. 56:8-1 to 198, and Unjust Enrichment.

## NATURE OF CASE

1.     This Complaint alleges that the Defendants violated 42 U.S.C. 407(a), 31 C.F.R. §§ 21.2.1 to 212.12, and   R. 6:7-1(b) by unlawfully levying identifiable electronically deposited exempt funds.

2.     The Complaint further alleges that the Defendants charged and unlawfully retained a $125.00 processing fee that it knew or should have known was from exempt social security

benefits.

3.       The Plaintiff and the putative class members seek declaratory and injunctive relief to address the unlawful conduct and the return of the levy processing fees that Defendants wrongfully collected and retain.

## THE PARTIES

4.       Annabell Matthews (hereinafter "Plaintiff" or "Ms. Matthews") is a natural person and a resident of Hudson County, New Jersey.

5.       Bank of America Corporation is a Delaware corporation and the holding company for Bank of America, National Association with its principal place of business at Bank of America Corporate Center, 100 North Tryon Street, Charlotte, North Carolina 28255. This Defendant does business in the State of New Jersey and can be served with process through its registered agent, The Corporation Trust Company, 820 Bear Tavern Road, West Trenton, New Jersey 08628.  Bank of America Corp. owns and operates the website www.bankofamerica.com.

6.       Bank of America, National Association is a nationally chartered bank and the banking subsidiary of Bank of America Corporation with its principal place of business at 100 North Tryon Street, Charlotte, North Carolina 28255. This Defendant does business in the State of New Jersey and can be served with process through its registered agent, The Corporation Trust Company, 820 Bear Tavern Road, West Trenton, New Jersey 08628.

7.       In this pleading Defendants Bank of America Corporation and Bank of America, National Association hereinafter will be collectively referred as "Defendants" or "BOA".

8.       BOA is licenced to do business in the State of New Jersey https://www.state.nj.us/dobi/bankwebinfo.htm

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction pursuant to the Declaratory Judgment Act, N.J.S.A.  2A:16-50 to -62.

10.     The venue is Hudson County pursuant to R. 4:3-2 (b) since BOA has offices and does business in the county.

## FACTUAL ALLEGATIONS

11.     Plaintiff is an Eighty-One-year-old senior citizen whose sole income is the monthly social security benefits of $1,743.00 that she receives from the Social Security Administration (hereinafter "SSA") that is the cash amount that she receives after ductions for medical insurance premiums. Exhibit A.

12.     The SSA administers two cash benefit programs, namely, The Old Age, Survivors, and Disability Insurance ("OASDI") program (commonly known as Social Security or Title II) that provides a cash benefit to retired or disabled wage earners or to dependents of retired, disabled or deceased wage earners, with the entitlement amount dependent on a wage earner's record.  42 U.S.C. §§ 401- 434.

13.     The SSA also administers the Supplemental Social Security Income program (commonly known as SSI or Title XVI), which provides a subsistence cash benefit to individuals who are over the age of 65, blind or disabled.  42 U.S.C.  §§1381-1383f.

14.     Social security benefits are exempt from "execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law".  42 U.S.C. § 407 (a); see also 42 U.S.C. § 1383 (d) (1).

15.     The United States Treasury Department on behalf of the SSA electronically deposits the Plaintiff's social security benefits into her checking account with BOA.

16.     BOA in turn, then automatically transfers electronically thirty dollars every month from the

Plaintiff's checking account into her savings account under a savings scheme that BOA markets to

its customers especially seniors.

17.     On October 14, 2008, Baxter Financial, LLC as assignee of Household Bank (hereinafter

"Baxter") obtained a judgment against the Plaintiff in an action in the Superior Court of New

Jersey, Law Division—Special Civil Part, Docket No. DC-022284-08.

18.     On April 7, 2009, the Judgment was docketed with the Clerk of the Superior Court of

New Jersey under DJ-090240-09.

19.     On January 2, 2018, Baxter filed a writ of execution against the Plaintiff.  Exhibit B.

20.     The Writ of Execution sets forth in relevant part:

> …Any levy pursuant to this writ shall exclude (1) all funds in an account of the debtor
> with a bank or other financial institution, if all deposits into the account during the 90
> days immediately prior to service of the writ were electronic deposits, made on a
> recurring basis, of funds identifiable by the bank or other financial institution as exempt
> from execution, levy or attachment under New Jersey or federal law…

21.     The Writ of Execution further sets forth in relevant part:

> …(2) all funds deposited electronically in an account of the debtor with a bank or other
> financial institution during the two months immediately prior to the account review
> undertaken by the bank or other financial institution in response to the writ that are
> identifiable by the bank or other financial institution as exempt from execution, levy or
> attachment under New Jersey or federal law…

22.     All deposits into Plaintiff's Savings Account during the 90 days immediately prior to the

service of the Writ of Execution were electronic deposits, made on a recurring basis, of funds

identifiable by BOA as exempt from execution, levy or attachment under New Jersey and federal

law.

23.     All funds deposited electronically in the Plaintiff's Savings Account with Defendants

during the two months immediately prior to the account review undertaken by Defendants in

response to the Writ of Execution were identifiable by Defendants as exempt from execution, levy or attachment under New Jersey or federal law.

24.     On March 16, 2018, Defendants sent the Plaintiff a notice that her Savings Account had been levied.  A copy of the Notice is attached hereto as Exhibit C.

25.     The Notice set forth in relevant part:

| Account number ending in: | Amount attached: | Non-refundable processing fee: |
|---|---|---|
| 7724 | $220.00 | $125.00 |

26.     On April 10, 2018, Ms. Matthews applied for legal assistance from Northeast New Jersey Legal Services (hereinafter "NNJLS") to have the levy placed on her account vacated and the levied money returned.

27.     NNJLS contacted the attorneys for Baxter who upon learning that the levied money was exempt social security benefits instructed the court officer to release the levied money. Exhibit D.

28.     The $220.00 debited from the Plaintiff's Savings account were from electronic deposits, made on a recurring basis, of funds identifiable by BOA as exempt from execution, levy or attachment under New Jersey and federal law.

29.     At the time that BOA debited the $220.00 from the Plaintiff's Savings Account, BOA was required to ensure that the funds in the Savings Account were exempt from execution, levy or attachment under New Jersey and federal law.

30.     At the time that BOA debited the $220.00 from the Plaintiff's Savings Account, BOA knew or should have known that the funds in the Savings Account were exempt from execution, levy or attachment under New Jersey and federal law.

31.     The $125.00 debited from the Plaintiff's Savings account were from electronic deposits, made on a recurring basis, of funds identifiable by BOA as exempt from execution, levy or

attachment under New Jersey or federal law.

32.    At the time that Defendants debited the non-refundable levy processing fee of $125.00 from the Plaintiff's Savings Account, the Defendants were required to ensure that the money in the Savings Account was exempt from execution, levy or attachment under New Jersey or federal law.

33.    At the time that Defendants debited the non-refundable processing fee of $125.00 from the Plaintiff's Savings Account, Defendants knew or should have known that the money in the Savings Account was exempt from execution, levy or attachment under New Jersey or federal law.

34.    To date, Defendants have not returned the $125.00 levy processing fee to the Plaintiff.

35.    In the past Defendants have been told that the use of the term "all funds deposited electronically"  in New Jersey Court Rule 6:7-1(b) encompasses exempt funds that a debtor transfers electronically from one account to another and BOA has been ordered to return the levy processing fee.  Exhibit E.

36.    It is the BOA's practice to permit the levying of accounts that contain exempt funds that have  been electronically transferred from one exempt account to another.

37.    It is also BOA's practice to not only impose the so-called non-refundable levy processing fee but to then keep the levy processing fee even when it knows that the fees are from exempt social security benefits and even when the judgment-creditor has voluntarily agreed to release the levy because the account contains exempt funds.

38.    BOA's practice of keeping the levy processing fees derived from exempt social security benefits disproportionately impacts low-income seniors and those with disabilities who are struggling to make ends meet.

## CLASS ALLEGATIONS

39.    This action is brought and may properly proceed as a class action, pursuant to the provisions of <u>Rule</u> 4:32 of the New Jersey Court Rules.

40.    Subject to discovery and further investigation which may require the plkaintiff to modify the following class definition at the present time the Plaintiff brings this action on behalf of herself and all others similarly situated.  Plaintiff seeks certification of a Class initially defined as follows:

> CLASS:  All Bank of America account holders in the State of New Jersey who receive  electronically deposited Social Security Benefits into one account who then authorized Bank of America to electronically transfer some of their exempt Social Security Benefits to another BOA account that contained only exempt funds that was wrongfully levied on or after the day six (6) years prior to the date this Complaint was filed.

> SUB CLASS: All Bank of America account holders in the State of New Jersey who received electronically deposited Social Security Benefits in one account then authorized Bank of America to electronically transfer some of their exempt Social Security Benefits to another BOA account that contained only exempt funds that was wrongfully levied and that BOA charged a levy processing fee from their exempt Social Security Benefits and has not returned the levy processing fee to the account holder.

41.    The above definitions may be amended as the case progresses.

42.    The term "same or similar" as it relates to the Notice means a document sent by the Defendants to a consumer who received electronically deposited Social Security benefits evidencing that the account has been debited and/or restricted access.

43.    The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

44.    There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals.  These common questions include but are not limited to:

    a.  Whether Defendants, by freezing, deducting, executing upon, levying, attaching, garnishing, removing or otherwise debiting and/or restricting electronically deposited funds from the accounts of the Plaintiff and all others similarly situated, violates 42 U.S.C. § 407(a)  and  42 U.S.C. § 1383 (d) (1);

    b.  Whether Defendants, by freezing, deducting, executing upon, levying, attaching, garnishing, removing or otherwise debiting and/or restricting electronically deposited funds from the accounts of the Plaintiff and all others similarly situated, has violated R. 6:7-1(b);

    c.  Whether the non-refundable levy fee that Defendants charged for freezing, deducting, executing upon, levying, attaching, garnishing, removing or otherwise debiting and/or restricting electronically deposited funds from the accounts of the Plaintiff and all others similarly situated is an ascertainable loss under the CFA, N.J.S.A. 56:8-19; and

    d.  Whether the failure of the Defendants to refund the Plaintiff and all others similarly situated, the levy processing fee that was derived from exempt Social Security Benefits constitutes unjust enrichment.

45.    Plaintiff's claims are typical of the claims of the members of the Class which she represents because all such claims arise out of the same policies, practices, and conduct, and the same or similar documents used by Defendants in their dealings with the Plaintiff.

46.    The Plaintiff has no interests antagonistic to those of the Class.

47.    The Class that the Plaintiff is a member is readily identifiable.

48.    Plaintiff will fairly and adequately protect the interests of the Class and has retained competent counsel experienced in the prosecution of consumer litigation.

49.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  While the economic damages suffered by the individual members of the Class are significant, the amount is modest compared to the expense and burden of individual litigation.

50.    The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members.

51.     The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action, or the prosecution of separate actions by individual members of the Class would create the risk that adjudications with respect to individual members of the Class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests.  Prosecution as a class action will eliminate the possibility of repetitious litigation.

52.     Defendants have acted or refused to act, on grounds generally applicable to the Plaintiff and all class members, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

53.     A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

54.     The Plaintiff does not anticipate any difficulty in the management of this litigation.

## CLASS ACTION CLAIMS

### FIRST COUNT
### (THE DECLARATORY JUDGMENT ACT)

55.     The Plaintiff, on behalf of herself and all others similarly situated, re-asserts and incorporates by reference each and every allegation set forth in the preceding paragraphs as though set forth at length herein.

56.     The Plaintiff seeks relief under the New Jersey Declaratory Judgment Act, N.J.S.A. 2A:16-50 to 62.  (The Act).

57.     The Act allows parties to sue for a judicial declaration to adjudicate and settle the rights and obligations of the parties.

58.     The Plaintiff seeks injunctive relief to end the unlawful practice of BOA charging Social

Security recipients a non-refundable bank levy fees on levied funds that BOA can readily identify as exempt Social Security Benefits.

59.   The Plaintiff seeks a declaratory judgment that New Jersey Court Rule 6:7-1(b) encompasses and protects exempt funds that a debtor transfers electronically from one account to another on a recurring basis that BOA can identify as exempt.

60.   The Plaintiff seeks class-wde equitable relief under R. 4:32-1 (b) (2) in the form of a declaratory judgment that BOA failed to comply with its obligation under New Jersey Court Rule 6:7-1 (b) and wrongfully permitted the levying of bank accounts that contained identifiable Social Security Benefits that had been transferred from one BOA account to another.

61.   The Plaintiff seeks class-wde equitable relief under R. 4:32-1 (b) (2) in the form of a declaratory judgment that that BOA wrongfully imposed a non-refundable bank levy fees knowing that the funds levied were identifiable Social Security Benefits that had been transferred from one account to another.

62.   The Plaintiff seeks class-wde equitable relief under R. 4:32-1 (b) (2) in the form of a declaratory judgment that that BOA failed to refund the wrongfully imposed bank levy fees even after the judgment-creditor voluntarily vacated the levy upon being told that the levied funds were exempt Social Security Benefits.

63.   The Plaintiff seeks class-wde equitable relief under R. 4:32-1 (b) (2) in the form of a declaratory judgment that henceforth BOA must comply with New Jersey Court Rule 6:7-1 (b)

## SECOND COUNT
## (CONSUMER FRAUD ACT)

64.   The Plaintiff, on behalf of herself and all others similarly situated, re-asserts and incorporates by reference each and every allegation set forth in the preceding paragraphs as though set forth at length herein.

65.     BOA is a national bank that is engaged in the business of banking in the State of New Jersey and is obligated to comply with 42 U.S.C. § 407(a) and  42 U.S.C. § 1383 (d) (1) two federal statutes that expressly protect Social Security Benefits from execution, levy, attachment, garnishment, or any other legal process.

66.     Notwithstanding 42 U.S.C. § 407(a) and  42 U.S.C. § 1383 (d) (1) that prohibits the levying of social security benefits, there has been a persistent problem nationwide of Social Security Benefits being wrongfully levied.

67.     In New Jersey, seniors and disabled persons frequently had to petition the courts to retrieve money that was not supposed to be levied in the first place.

68.     To combat the problem of wrongfully levied Social Security Benefits a federal regulation, 31 C.F.R. § 212.1 to 212.12 was promulgated that came into effect on May 1, 2011.

69.     In a nutshell, the regulation requires all banks to determine whether certain exempt federal benefits have been electronically deposited within the preceding two months.  If yes, the bank must protect whatever amount was deposited during that period.  31 C.F.R. § 212.5 to 212.6.

70.     New Jersey Court Rule 6:7-1 was amended in anticipation of 31 C.F.R. §212.1 to 212.12. The rule was specifically amended to exempt from levy funds that are deposited electronically and that are identifiable as exempt funds under New Jersey or federal law.

71.     R. 6:7-1(b) states in its entirety:

(b) Contents of Writs of Execution and Other Process for the Enforcement of Judgments. All writs of execution and other process for the enforcement of judgments shall provide that any levy pursuant thereto shall exclude:

(1) all funds in an account of the debtor with a bank or other financial institution, if all deposits into the account during the 90 days immediately prior to service of the writ were electronic deposits, made on a recurring basis, of funds identifiable by the bank or other financial institution as exempt from execution, levy or attachment under New Jersey or

federal law, and

(2) all funds deposited electronically in an account of the debtor with a bank or other financial institution during the two months immediately prior to the account review undertaken by the bank or other financial institution in response to the writ that are identifiable by the bank or other financial institution as exempt from execution, levy or attachment under New Jersey or federal law.

72.     The commercial practice of charging Social Security recipients a non-refundable bank levy fees on levied funds that BOA can readily identify as exempt Social Security Benefits is deceptive, fraudulent, and an unconscionable commercial practice.

73.     The deceptive, fraudulent and unconscionable commercial practice of charging Social Security recipients a non-refundable bank levy fees on levied funds that BOA can readily identify as exempt Social Security Benefits has caused the Plaintiff and similarly situated Social Security recipients an ascertainable loss in that BOA unlawfully keeps the exempt funds.

### THIRD COUNT
### (UNJUST ENRICHMENT)

74.     Plaintiff, on behalf of herself and all others similarly situated, re-asserts and incorporates by reference each and every allegation set forth in the preceding paragraphs as though set forth at length herein.

75.     At all times relevant to this litigation, BOA owed the Plaintiff and its customers a legal duty of good faith and fair dealing.

76.     The legal duty of good faith and fair dealing obligates BOA to act fairly and to not take advantage of the Plaintiff and similarly situated Social Security recipients by wrongfully imposing levy fees upon exempt social security income and then keeping the levy fees even after the judgment creditors voluntarily vacate the levy on the exempt accounts.

77.     It is unjust for BOA to retain the levy fees that it imposed upon the Plaintiff and similarly situated Social Security recipients because the fees are from exempt social security income.

78.     Moreover, the levy fees were obtained because BOA failed to discharge its obligation under  31 C.F.R. § 212.5 to 212.6 and  New Jersey Court Rule 6:7-1(b) to protect exempt social security income from levy.

79.     The acts and omissions of BOA in this matter have unjustly enriched BOA and have caused the Plaintiff and similarly situated Social Security recipients to suffer the loss of their exempt social security benefits through wrongfully imposed and withheld levy fees by BOA.

## **CLAIM FOR RELIEF**

**WHEREFORE**, the Plaintiff demands judgment against Defendants as follows:

a.  Certification of a class, as defined herein, supra, for relief pursuant to R. 4:32-1(b)(2);

b.  Certification of a subclass, as defined herein, herein, supra for relief pursuant to R. 4:32-1(b)(3).

c.  Appointment of the Plaintiff as Class Representative and her attorneys as Class Counsel;

d.  A declaratory judgment, pursuant to the Declaratory Judgment Act, N.J.S.A. 2A:16-50 to 62 that Defendants violated New Jersey Court Rule 6:7-1(b);

e.  A judgment that Defendants return the wrongfully retained the levy fees that it imposed on the exempt accounts of the Plaintiff and similarly situated Social Security recipients.

f.  A judgment against Defendants for triple damages pursuant to N.J.S.A.  56:8-19 for wrongfully retaining levy fees derived from exempt social security income.

g.   Alternatively, a judgment against Defendants pursuant to N.J.S.A. 56:8-2.11 for a refund of all sums of money wrongfully acquired from the Plaintiff and similarly

situated Social Security recipients;

h.  A judgment for injunctive relief enjoining Defendants from engaging in future

    violations of New Jersey Court Rule 6:7-1(b);

i.  A judgment for reasonable attorney fees and costs of suit in connection with this

    action, pursuant to N.J.S.A. 56:8-19 and N.J.S.A. 2A:16-60; and

j.  A judgment for such other and further relief as the Court deems equitable and

    just.


                                   John Uyamadu, LLC
                                   Attorney for Plaintiff and the proposed Class

                                   /s/ John Uyamadu, _____

Dated: October 9, 2019              John Uyamadu, Esq.

**JURY DEMAND**

The Plaintiff demands a trial by jury.

**NOTICE TO ATTORNEY GENERAL OF ACTION**

A copy of this Complaint will be mailed to the Attorney General of the State of New Jersey within ten (10) days after the filing of the Complaint with the Court, pursuant to N.J.S.A. 56:8-20.

**DESIGNATION OF TRIAL COUNSEL**

Pursuant to R. 4:25-4, John C. Uyamadu, Esq. is hereby designated as trial counsel for Plaintiff(s) in the above matter.

John Uyamadu, LLC
Attorney for Plaintiff and the proposed Class

/s/ John Uyamadu,
Dated: October 9, 2019                    John Uyamadu, Esq.

## <u>NOTICE REGARDING THE PRESERVATION OF ELECTRONICALLY STORED INFORMATION</u>

Defendants have a duty to preserve evidence relevant to this action even without a court order.  Since electronically stored information [hereinafter "ESI"] may be an irreplaceable source of discovery in this matter, it is your duty to preserve all potentially relevant ESI.  Consistent with that duty all ESI should be preserved and maintained in native format. 1) ESI from shared networks including ESI archived in the cloud, zip or external drives. 2) ESI from personal networks including ESI archived in the cloud, zip or external drives. 3) ESI from handheld devices, emails/attachments (live and archived), SMS/MMS text messages and messaging apps like WhatsApp. 4) ESI from social media like Facebook, Snapchat, Instagram and Twitter. 5) ESI from portable electronic devices like smartphones, eternal storage devices like CDs, DVDs, external hard drives and flash drives, personal fitness devices, smart home devices and the Internet of Things (hereinafter "IoT"). 7) The metadata for the items cited hereinabove should be preserved and not altered deleted and/or over-written.

## <u>CERTIFICATION</u>

Pursuant to <u>R</u>. 4:5-1, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated.  I further certify that I know of no party who should be joined in the action at this time. I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with <u>R.</u> 1:38-7(b).

John Uyamadu, LLC
Attorney for Plaintiff and the proposed Class

/s/ John Uyamadu, _____
John Uyamadu, Esq.

Dated: October 9, 2019

EXHIBIT A

SOCIAL SECURITY ADMINISTRATION

Date: January 24, 2018
Claim Number: XXX-XX-4959A

SSA, DISTRICT OFFICE
FO 176

JAN 2 4 2018

ANNABELL MATTHEWS

JERSEY CITY NJ 07305-2100

JERSEY CITY, NJ
07305

You asked us for information from your record. The information that you
requested is shown below. If you want anyone else to have this information, you
may send them this letter.

Information About Current Social Security Benefits

Beginning December 2017, the full monthly
Social Security benefit before any deductions is......$ 1877.90

We deduct $134.00 for medical insurance premiums each month.

The regular monthly Social Security payment is.......$ 1743.00
(We must round down to the whole dollar.)

Social Security benefits for a given month are paid the following month. (For
example, Social Security benefits for March are paid in April.)

Your Social Security benefits are paid on or about the second Wednesday of
each month.

Date of Birth Information

The date of birth shown on our records is February 7, 1938.

SUSPECT SOCIAL SECURITY FRAUD?

Please visit http://oig.ssa.gov/r or call the Inspector General's Fraud
Hotline at 1-800-269-0271 (TTY 1-866-501-2101).

# EXHIBIT B

HUD-DC-022284-08  01/02/2018 6:19:10 PM  Pg 1 of 2 Trans ID: SCP20186128

BX161691
FEIN, SUCH, KAHN & SHEPARD, P.C.
Filing Attorney: Philip A. Kahn, Attorney ID: 288551973
7 Century Drive, Suite 201
Parsippany, New Jersey 07054
(973) 538-4700
Attorney For Plaintiff(s)

| | |
|---|---|
| BAXTER FINANCIAL, LLC as assignee of HOUSEHOLD BANK<br><br>Plaintiff,<br><br>vs.<br>ANNABELL MATHEWS<br><br>Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION - HUDSON COUNTY<br><br>DOCKET NO: DC-022284-08<br>JUDGMENT NO: DJ-090240-09<br><br>CIVIL ACTION<br>**WRIT OF EXECUTION** |

THE STATE OF NEW JERSEY

TO THE SHERIFF OF THE COUNTY OF Hudson County Sheriff

WHEREAS, on October 14, 2008, judgment was recovered by BAXTER FINANCIAL, LLC as assignee of HOUSEHOLD

BANK in an action in the Superior Court of New Jersey, Law Division, against ANNABELL MATHEWS, defendants for $2,757.78

damages ; and

WHEREAS, on April 7, 2009, the judgment was entered in the civil docket of the Clerk of the Superior Court against

ANNABELL MATHEWS, defendants, and there remains due thereon $3,148.14.

THEREFORE, WE COMMAND YOU, that you satisfy the said Judgment out of the personal property of the said Judgment

debtor within your County; and if sufficient personal property cannot be found then, subsequent to your levy and only after receipt of

an order of the court pursuant to R. 4:59-1(d), out of the real property in your County belonging to the judgment debtor(s) at the time

when the judgment was entered or docketed in the office of the Clerk of this Court or at any time thereafter, in whosesoever hands

the same may be. Any levy pursuant to this writ shall exclude (1) all funds in an account of the debtor with a bank or other financial

institution, if all deposits into the account during the 90 days immediately prior to service of the writ were electronic deposits, made

on a recurring basis, of funds identifiable by the bank or other financial institution as exempt from execution, levy or attachment

under New Jersey or federal law, and (2) all funds deposited electronically in an account of the debtor with a bank or other financial

institution during the two months immediately prior to the account review undertaken by the bank or other financial institution in

response to the writ that are identifiable by the bank or other financial institution as exempt from execution, levy or attachment under

New Jersey or federal law. You shall pay said monies realized by you from such property to Fein, Such, Kahn & Shepard, P.C.,

attorney in this action. Within twenty-four months after the date of its issuance you shall return this execution and your proceedings

thereon to the Clerk of the Superior Court of New Jersey at Trenton.

HUD-DC-022284-08   01/02/2018 6:19:10 PM  Pg 2 of 2 Trans ID: SCP20186128

WE FURTHER COMMAND YOU that in case of a sale, you make return of this writ with your proceedings thereon before this Court and pay to the Clerk thereof any surplus in your hands within thirty (30) days after the sale.

WITNESS, _____, JUDGE OF THE SUPERIOR COURT,

THIS _____ DAY OF _____, 2018

MICHELLE M. SMITH, CLERK

### ENDORSEMENT

| | |
|---|---:|
| Judgment Amount | $2,811.05 |
| Costs | $.00 |
| Additional Costs | $85.00 |
| Interest thereon through January 2, 2018 | $195.37 |
| Credits | $0.00 |
| Sheriff's fees | $56.72 |
| Commissions | |
| Total | $3,148.14 |

*"Judgment Amount" includes amount of verdict or settlement, plus pre-judgment court costs, plus any applicable statutory attorney's fee.

Post Judgment Interest applied pursuant to R. 4:42-11 has been calculated as simple interest.  As required by R. 4:59-1, attached is the method by which interest has been calculated, taking into account all partial payments made by the defendant.

Interest calculation: *2009 at 4% (269 days @ $.31 P/D=$82.87); 2010 at 1.5% (365 days @ $.12 P/D=$42.17); 2011 at 0.5% (365 days @ $.04 P/D=$14.06); 2012 at 0.5% (366 days @ $.04 P/D=$14.09); 2013 at 0.25% (365 days @ $.02 P/D=$7.03); 2014 at 0.25% (365 days @ $.02 P/D=$7.03); 2015 at 0.25% (365 days @ $.02 P/D=$7.03); 2016 at 0.25% (366 days @ $.02 P/D=$7.05); 2017 at 0.5% (365 days @ $.04 P/D=$14.06); 2018 at 0% (2 days @ $.00 P/D=$ .00)*

FEIN, SUCH, KAHN & SHEPARD, P.C.

s/: Philip A. Kahn
_____
By: Philip A. Kahn

Date: January 2, 2018

BX161691/Bank of America/HUDSON

# EXHIBIT C



**Bank of America**

March 16, 2018

ANNABELL MATTHEWS

JERSEY CITY, NJ 07305-2133

Regarding reference number: P031518000133
Case name: Annabell Matthews
Case number: DJ09024009

We received a(n) NJ Superior Court Levy in the amount of $3,142.86 which required us by law to debit and/or restrict access to your account(s).

## What you need to know
Your account(s) have been debited and/or restricted as follows:

| Account number ending in: | Amount attached: | Non-refundable processing fee: | Box number: |
|---|---|---|---|
| 7724 | $220.00 | $125.00 | |

We're holding the above funds, safe deposit box(es), or both to satisfy this legal order pending further instructions from the court or attaching party.

Please note: In the event one of the above-listed accounts is a CD or IRA, you may incur early withdrawal penalties.

## Questions?
If you have any questions about the legal order, believe it should not apply to your account(s), or think the order contains an error, please contact the attaching party: Hudson County Sheriff at 201-795-6300. We're unable to return the funds to you unless we receive a release.

If you have any additional questions, please call us at 800.432.1000, Monday through Friday 7 a.m. to 10 p.m. or Saturday 8 a.m. to 5 p.m. local time. To speak with a Spanish-speaking associate please call us at 800.688.6086. For hearing impaired assistance, TTY or TDD, please call us at 800.288.4408. Global Clients, please call the customer service number located on your statement.

Legal Order Processing

# EXHIBIT D

ALAN F. SUCH
HENRY H. FEIN
PHILIP A. KAHN
JAMES E. SHEPARD
GREGG P. TABAKIN
ERIC S. KATNICK
VINCENT DIMAIOLO, JR
MARIO A. SERRA, JR
STEVEN A. LOEB
PETER R. DAY (1937-1990)

**FEIN, SUCH, KAHN & SHEPARD, P.C.**
COUNSELLORS AT LAW
7 CENTURY DRIVE, SUITE 201
PARSIPPANY, NEW JERSEY 07054
(973) 538-4700

FACSIMILE (973) 644-3287

*Of Counsel*
PHILIP L. LEVITAN (ext. 329)
HARRY FRIDLAND (ext. 339a)
..........
BRIAN P.S. MCCABE (ext. 183)
RICHARD T. ZIMMERMAN (ext. 235)
DAVID J. LEVINE (ext. 126)
ALVIN L. DARBY (ext. 212)
SYLVIA GOLDBLATT (ext. 293)

April 16, 2018

ANNABELL MATHEWS

JERSEY CITY NJ 07305

Re:  Baxter Financial, LLC
vs:  ANNABELL MATHEWS
Our File No.: BX161691
Docket No.: DC-022284-08

Dear Sir or Madam:

Please see attached a copy of our correspondence to the Court Officer ordering the release of funds as set forth below. Please contact the Court Officer or the Bank at the below telephone numbers to follow-up on the release. Thank you.

**BANK LEVIED:** Bank of America
**AMOUNT LEVIED:**......................$220.00
**AMOUNT BEING RELEASED:**............ $220.00
**AMOUNT STILL HELD:**................. $.00

**Court Officer:**
Sheriff Hudson County
257 Cornelison Ave., Room 2001
Jersey City, NJ  07302
Phone: 201/795-6300

**Bank:**
Bank of America
186 Newark Avenue
Jersey City, New Jersey  07302
Phone: 201/432-4400

**Please be advised that this is an attempt to collect a debt and any information obtained will be used for that purpose.**

# EXHIBIT E

Northeast New Jersey Legal Services, Inc.
By: John Ukegbu, Esq.
574 Summit Avenue
Jersey City, New Jersey 07306-2797
(201) 792-6363 Ext. 3243 Fax No. (201) 798-8780
Attorneys for Defendant

F I L E D
October 21, 2011

HON. CHRISTINE FARRINGTON

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION- SPECIAL CIVIL PART
HUDSON COUNTY

LARIDAN CONSULTING, LLC

Plaintiff(s)

vs.

FELICITA VIRUET

Defendant(s)

DOCKET NO.: DC-014916-08

CIVIL ACTION

ORDER VACATING LEVY

This matter having been opened by the Defendant on a motion objecting to levied funds in regular savings account ending with 4215 at Bank of America, N.A., 4100 Park Avenue, Weehawken, New Jersey and the court having considered the papers submitted and argument of counsel, and for good cause shown;

It is on this    21    day of October 2011

ORDERED as follows:

1. The motion to vacate the levy on the bank account is granted because the account only contains exempt Supplemental Security Income (SSI) benefits.

2. All funds in the account shall be immediately released to the Defendant.

3. Bank of America, N.A. shall upon receipt of this Order credit the account with the One Hundred Dollar ($100.00) levy-processing fee that it imposed.

4. Bank of America, N.A. shall comply with R. 6:7-1(b) by returning the writ of execution to the Court Officer with a notation that the account contains identifiable electronically deposited funds that are exempt from execution, levy or attachment by

10/21/11
#65

virtue of 42 U.S.C. § 407 and 42 U.S.C. 1383(d)(1).

5.  The Court interprets R. 6:7-1(b) use of the term electronically deposited funds to encompass exempt funds that the debtor transfers electronically from one account to another.

6.  Copies of this Order shall be served on the parties, Court Officer Edward Ajamian and Bank of America, N.A. within 5 days of the entry of the Order hereof.

Christine Farrington, J.S.C.     J.S.C.

10/21/11
#65